UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------X

JOHN GLENN BARRY METCALF, Sr.,

      Plaintiff,

MEMORANDUM AND ORDER
05-CV-3871 (ARR)

-against-

NYS OFFICE OF ATTORNEY GENERAL'S,
BROOKLYN FAMILY COURT c/o JANE PEARL,
BROOKLYN DISTRICT ATTORNEY'S OFFICE,
79th POLICE PRECINCT, 77th POLICE PRECINCT,

      Defendants.

----------------------------------------X

ROSS, United States District Judge:

Plaintiff, appearing *pro se*, filed this action on August 8, 2005, alleging that defendants have violated his civil rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint for the reasons set forth below.

Plaintiff's instant action is essentially the same as a prior complaint filed earlier this year which was dismissed by this Court on March 14, 2005. Metcalf v. Kings County District Attorney's Office, et al., No. 05-CV-1242 (ARR), slip op. at 5 (E.D.N.Y. Mar. 15, 2005). As in his previous action, plaintiff alleges here that defendants violated his rights when they failed to follow through on his complaints against the mother of his deceased wife whom he accuses of kidnapping his children. Plaintiff also takes issue with the Brooklyn Family Court, where he is involved in a case concerning the custody of his children. Plaintiff alleges that the "'current' law governing American life, particularly in the free African American community is 'wrong' and unconstitutional and 'den[ies]' plaintiff's rights as a 'widower'.bachelor.father to[] retain the uninalienable [sic] rights

guaranteed to[] plaintiff by the Constitution of U.S.A." Compl. at 1.

The Court's March 14, 2005 order dismissed plaintiff's complaint for failure to state a cognizable claim under 42 U.S.C. § 1983 and as barred by the Eleventh Amendment. Metcalf, No. 05-CV-1242 (ARR), slip op. at 3-5 (E.D.N.Y. Mar. 15, 2005). On March 22, 2005, plaintiff moved for reconsideration, and the Court denied plaintiff's motion on April 4, 2005. Id., slip op. at 4 (E.D.N.Y. Apr. 4, 2005).

Under 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's instant complaint is barred under the doctrine of *res judicata*. "Under the doctrine of *res judicata*, once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (quotation omitted). *Res judicata* prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. Id. Plaintiff's instant complaint raises the same events and similar claims as in his prior complaint. Therefore, plaintiff's instant complaint is barred by *res judicata*. Cieszkowska, 295 F.3d at 206 (plaintiff's second *in forma pauperis* complaint barred by *res judicata* where the "allegations in the first and second complaints involve the same events" and plaintiff "could have brought [the second] cause of action in her prior action").

Furthermore, plaintiff is hereby cautioned that the further filing of complaints based on these events may result in the issuance of an order barring the acceptance of future *in forma pauperis* complaints without first obtaining leave of court to do so. 28 U.S.C. § 1651. Section 1651 "grants

2

district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993).

Accordingly, the instant action is dismissed as barred by *res judicata*. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied the for purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
September 6, 2005